# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GS HOLISTIC, LLC,

                Plaintiff,    :    Case No. 3:23-cv-292

                                        District Judge Walter H. Rice
  -  vs  -                           Magistrate Judge Michael R. Merz

EASTOWN SMOKE SHOP, LLC, et al.,

                Defendants.    :

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE

This case is before the Court on Plaintiff's Motion to Strike certain of the affirmative defenses pleaded by the corporate Defendant, Eastown Smoke Shop, LLC, and part of its prayer for relief (ECF No. 6).  The Motion was filed on November 22, 2023, and served on the corporate Defendant by virtue of its electronic filing. Fed.R.Civ.P. 5(b)(2)(E).  Under S. D. Ohio Civ. R. 7.2(a)(2), the corporate Defendant was allowed until December 13, 2023, to file a memorandum in opposition, but none has been filed.  Under the same rule, "failure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorney fees."

1

A motion to strike an affirmative defense or a portion of the prayer for relief is a non-dispositive matter within the initial decisional authority of an assigned Magistrate Judge, subject to appeal to the assigned District Judge. Fed.R.Civ.P. 72(a).

Fed.R.Civ.P. 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter…on its own; or … on motion made by a party[.]" Moreover, a motion to strike is proper if the defense is insufficient; that is, if 'as a matter of law, the defense cannot succeed under any circumstances.'" *United States S.E.C. v. Thorn*, 2002 WL 31412440, at *2 (S.D. Ohio 2002)(Sargus, J.).

Although motions to strike should be sparingly granted, *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir.1953), the Sixth Circuit has held a district court should strike an affirmative defense where 'it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings.'" *Operating Eng'rs Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). The Courts should also strike affirmative defenses that lack merit as a matter of law. *See*, e.g., *id*. at 1055 (holding that the district court should have granted a motion to strike a legally deficient affirmative defense).

The corporate Defendant has pleaded as a defense the failure to join necessary parties (Answer, ECF No. 4, PageID 44).  However, the Answer does not plead who those necessary parties are.  Affirmative defenses are not held to the pleading standards of complaints that the Supreme Court adopted in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Instead, '[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense.'"  *Pough v. Dewine,*  2022 U.S. Dist. LEXIS 118232, 2022 WL 2437140 (S. D. Ohio Jul. 5, 2022)(Gentry, M.J.), quoting *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir.

2006)(quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1274)). However the corporate Defendant's failure to join defense does not give fair notice of its grounds and is accordingly STRICKEN.

The corporate Defendant has pleaded as a defense that Plaintiff lacks standing to bring this action (Answer, ECF No. 4, PageID 44). Plaintiff seeks to have this defense stricken on the ground that lack of standing is not an affirmative defense (Motion, ECF No. 6, PageID 54-55, citing *Community First Bank v. Nat'l Credit Union Admin.*, 41 F.3d 1050, 1053 (6th Cir.1994). The Magistrate Judge declines to read *Community Bank* as broadly as Plaintiff. Standing is a prerequisite to jurisdiction and thus cannot be waived even if not pleaded as an affirmative defense. Plaintiff has been done no harm by the pleading of lack of standing which it must be prepared to defend at any point in the litigation. See *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908). The Motion to Strike is DENIED as to lack of standing.

The corporate Defendant has pleaded as a defense that Plaintiff lacks the capacity to bring this action (Answer, ECF No. 4, PageID 45). Plaintiff seeks to have this defense stricken for failure to comply with Fed.R.Civ.P. 9(a)(2) because it fails to state any "supporting facts that are peculiarly within the [corporate defendant's] knowledge." The Magistrate Judge notes that the defense is pleaded without reference to this requirement. That is, it does not purport to state any facts known to the corporate defendant, but it also fails to disclaim any such knowledge. As to lack of capacity, the Motion to Strike is DENIED WITHOUT PREJUDICE to its renewal unless the corporate Defendant amends the Answer not later than January 15, 2024, to state any relevant facts within its knowledge or to disclaim any such knowledge.

The corporate Defendant has pleaded as a defense Plaintiff's negligence, contributory negligence, and/or comparative negligence (Answer, ECF No. 4, PageID 45). Plaintiff seeks to

3

have this defense stricken because it has not sued Defendants in negligence and these defenses are therefore inapplicable. As to this defense, the Motion is well-taken and the defense is STRICKEN.

The corporate Defendant has pleaded assumption of the risk as a defense (Answer, ECF No. 4, PageID 45). Plaintiff moves to strike this defense as "legally deficient" and for lack of fair notice (Motion, ECF No. 6, PageID 56). However, unlike its position on the negligence defense, Plaintiff does not assert assumption of the risk could never be a defense in a trademark case. Instead, it cites *Monongahela West Penn Public Service Co. v. Albey*, 31 F.2d 85, 87(6th Cir. 1929). That case did not involve a trademark question, principally distinguished between the defenses of assumption of the risk and *volenti non fit injuria*, and was handed down nine years before the Federal Rules of Civil Procedure were promulgated. It has little to teach in the area of trademark law. Plaintiff can readily cure any lack of knowledge of the factual basis of this defense with an interrogatory. The Motion to Strike is DENIED as to the assumption of risk defense.

The corporate Defendant's defenses of the statute of frauds and breach of contract are STRICKEN because the Complaint alleges no contractual relationship between the parties to which these defenses would be potentially applicable.

In its prayer for relief, the corporate Defendant has requested that the Complaint be dismissed with prejudice (Answer, ECF No. 4, PageID 45). Plaintiff asserts that because the pleading is not a motion to dismiss, the request for dismissal with prejudice is inappropriate. The Magistrate Judge disagrees, reading the Answer as requesting that the Complaint ultimately (i.e., after due process) be dismissed with prejudice. Thus read that request is perfectly proper and the Motion to Strike that portion of the Answer is DENIED.

January 2, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge